**In re RIVER VALLEY FITNESS ONE, LP, Debtor.**

**Cioffredi & Associates Physical Therapy, LLC, Plaintiff,**

v.

**River Valley Fitness One, LP, Defendant.**

**Bankruptcy No. 01–12829–JMD.**
**Adversary No. 03–1352–JMD.**

United States Bankruptcy Court, D. New Hampshire.

July 29, 2003.

with the Plaintiffs in the approximate amount of $250,000. (TT at 7.) Although the Plaintiffs' attorney stated that this amount was offset from the final judgment entered against the Debtor, this Court's review of the Plaintiffs' summary of damages and the total amount of the Judgment leads the Court to a contrary conclusion. *Compare* Ex. 18 and Ex. 14 at 2. Under Massachusetts law, where two actors are the joint and concurrent cause of a party's damages, the resulting damages are attributed to the tortfeasors on an equal basis. *See Zeller v. Cantu*, 395 Mass. 76, 478 N.E.2d 930 (1985) (interpreting Mass. Gen. Laws. c. 231B § 2 (Uniform Joint Tortfeasors Act) and holding that a codefendant's share of damages are attributed on a pro rata basis). Accordingly, had the Court found that the Debtor's actions with regard to the Lycos Stock and OEX Options were a substantial legal cause of the Plaintiffs' damages with respect to the Account liquidation, the maximum relevant portion of the Judgment to be nondischargeable would be, at most, roughly $250,000. *See In re Atlantic Fin. Man., Inc. Sec. Lit.*, 718 F.Supp. 1012, 1016 (D.Mass. 1988) (applying Massachusetts law).

William S. Gannon, William S. Gannon, PLLC, for Plaintiff.

Steven M. Notinger, Donchess & Notinger PC, for Defendant.

### MEMORANDUM OPINION AND ORDER

J. MICHAEL DEASY, Bankruptcy Judge.

The Court has before it Cioffredi & Associates Physical Therapy's ("Cioffredi") Complaint for Temporary Restraining Or-

der and Preliminary and Permanent Injunction (Doc. No. 1) (the "Complaint").

■ The caption of the Complaint suggests that Cioffredi is seeking a temporary restraining order ("TRO") and a preliminary injunction. However, the prayer for relief in the Complaint does not request either a TRO or a preliminary injunction. The prayer for relief in the Complaint is limited to the permanent injunctive relief and costs to which Cioffredi deems itself entitled. The prayer for relief at the end of the Complaint is a necessary element of any complaint. *See* Fed. R.Civ.P. 8(a). Because the caption on a complaint is not a prayer for relief, the only prayer for relief before the Court is Cioffredi's request for a permanent injunction.

■ Even if the Court could construe the Complaint as a request for a TRO, the request would be defective. *See* Fed. R.Civ.P. 65(b). "The applicant for an ex parte retraining order must present to the court, in an *affidavit or verified complaint,* facts that clearly show *irreparable injury." Id.* (emphasis added). Cioffredi's Complaint does neither. The Complaint is neither verified nor is there an affidavit attached. Furthermore, the Court cannot glean even an allegation of irreparable injury to Cioffredi. Likewise, if the Court could construe the Complaint as a request for a preliminary injunction, that request would also be defective. *See* Fed.R.Civ.P. 65(a).

■ In any event, the proper method to request a TRO or a preliminary injunction is by separate motion.

As a matter of professional practice, counsel who seek temporary relief usually should make a motion for a preliminary injunction separate from the prayer for relief contained in the complaint.

In addition to the demands of good practice, Rule 65(a)(2) of the Federal Rules of Civil Procedure seems to require a separate motion for temporary relief when it refers to "an application for a preliminary injunction." *See, e.g.,* Wright & Miller, Federal Practice and Procedure § 2949 (1973) ("The appropriate procedure for requesting a preliminary injunction is by motion...").

*James Luterbach Constr. Co., Inc. v. Adamkus,* 781 F.2d 599, 603 (7th Cir.1986).

As Cioffredi has not properly requested any preliminary relief, the Court will consider its request for a permanent injunction in due course, after a full evidentiary hearing.

Accordingly, it is hereby ORDERED:

1. Any request by Cioffredi for a TRO or a preliminary injunction is DENIED without prejudice to a procedurally proper request; and

2. The Clerk of the Court is hereby directed to issue a Summons and Notice of Pretrial Conference in an Adversary Proceeding in due course.

DONE and ORDERED at Manchester, New Hampshire.